F. S. BRAY and L. S. BRAY, *Complainants,* v. LULA F. FAIN, a widow, WILL LEE FAIN, CHARLES M. FAIN, GEORGE G. FAIN, DAN F. FAIN, CLARENCE FAIN, a minor, and ELIZA R. FAIN, a minor, *Defendants.*

Division A.

TERRELL, C. J.—April 6, 1911, and February 29, 1912, respectively, W. M. Fain entered into contracts with F. S. and L. S. Bray to sell them (the Brays) certain lands located in Hillsborough County, Florida. The Brays executed their notes to Fain for deferred payments. In October, 1921, Fain having died the Brays brought a suit for specific performance of said contracts against the heirs of said W. M. Fain. A demurrer to the bill was overruled, answer was filed, testimony was taken and on final hearing the relief prayed for was granted. Appeal is taken from the final decree.

Appellants assign as error the order overruling the demurrer to the bill of complaint and the entry of the final decree. It is contended here that the demurrer should have been sustained because the bill of complaint does not allege and show a proper tender and that the final decree for specific performance was erroneous because interest was not allowed on the amount decreed to be due to the date thereof.

The record discloses that after executing the contract and notes herein W. M. Fain died but before his death he had transferred the said contracts and notes to the American National Bank, later Citizens Bank & Trust Company, intervenor, and had also mortgaged the lands covered in said contracts to Swann & Holtsinger Company a corporation. The record also discloses that within the time limit named in the contracts the Brays tendered to said Citizens Bank & Trust Company, holder of the said notes and contracts, the balance due thereon including interest and that a like tender was made to the administrator of the estate of W. M. Fain when he was appointed. In each case the tender so made was declined because of inability to convey with good title as the contracts provided. The main reason for the inability of Fain's administrator or the Citizens Bank & Trust Company to convey being the incumbrances to the said lands above referred to. It is contended that the tender was not followed up by a *profert in curia* but it is shown that the Brays had the money with which to pay, that they were ready, willing and offering to pay but by reason of impediments imposed by the vendor a good and sufficient title as per terms of the contract could not be passed. In this situation we think that the tender made was sufficient and legal and that it was to all intents and purposes followed by a *profert in curia*.

Having held the tender as made within the time specified

in the contract sufficient and such tender having been the amount later found to be due by the final decree appealed from, it follows that no error was committed in the refusal of the chancellor to allow interest thereof from the date it was made to the date of said final decree. 26 R. C. L. 652. In this holding we are not unmindful of the rule to the effect that generally the tender must be kept of which fact there is no showing to the contrary here. In the instant case some four or five years elapsed after the tender was made before this suit was brought. Some time after the bill was filed the amount of the tender was paid into the registry of the court but all this time and up to final decree the bar to the execution of the deed with good title to appellees which had been imposed by appellant was in the way and had to be removed before the contract could be closed and the deed executed. It would be manifestly inequitable to permit appellants to collect interest on the amount of the tender all these years when they were responsible for the delay and finally forced appellees to the trouble and expense of bringing this suit to perfect this title.

Affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.